# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CAUSE NO. 1:09CR54-LG-JMR-1 |
| § | |
| THU-HOA VICTORIA VAN § | |

## ORDER DENYING MOTION TO CORRECT AND/OR REDUCE SENTENCE OF DEFENDANT AND MOTION TO RECONSIDER INCARCERATION PENDING DESIGNATION OF FEDERAL INSTITUTION AND APPEAL

**BEFORE THE COURT** is the Motion to Correct and/or Reduce Sentence of Defendant and Motion to Reconsider Incarceration Pending Designation of Federal Institution and Appeal [24], which was filed by the defendant, Thu-Hoa Victoria Van, pursuant to Rules 35 and 36 of the Federal Rules of Criminal Procedure. The Government has filed a Response in opposition to the Motion, and Van has filed a Reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the sentence was proper in this matter, and thus, the Motion should be denied.

### DISCUSSION

Van pled guilty to distributing promethazine with codeine, a Schedule V controlled substance, outside the scope of professional practice in violation of 21 U.S.C. § 841(a)(1). She was sentenced to the statutory maximum, twelve months imprisonment. On April 8, 2010, she filed a Notice of Appeal. The Notice does not specify the grounds for her appeal, but it appears, based upon arguments of counsel in the present motion, that she intends to argue that the Government breached the plea agreement. On April 16, 2010, Van filed the present motion, arguing that the Court made a mistake in describing the contents of the medical file of her patient, K.E. Specifically, the Court stated that Dr. Trieu (Van's husband and co-defendant) had

made a notation in KE's file that no other narcotics would be prescribed for her until a release was received from the methadone clinic that was treating KE. It is important to note that methadone is used to treat opiate addictions, and lortab is an opiate. The patient later returned to the clinic, and on this occasion saw Van. She told Van that she had stopped going to the methadone clinic "because she did not feel right." Van received a fax from the methadone clinic that verified that KE was no longer a client. Van prescribed xanax, soma, and lortab to KE, even though she knew KE had an opiate addiction that had not been successfully treated. The Court knows, after presiding over a two-week trial of Van's former co-defendant, Pharmacist Nick Tran, that all three of the drugs prescribed by Van to this patient with a known addiction are extremely addictive and are often used together by drug abusers, who call the three drugs "the holy trinity." Nevertheless, Van claims that the Court's statement that there was no "release" from the methadone clinic in the file constituted clear error, and that Van's sentence should be reduced. She contends that the fax from the methadone clinic constituted a "release" and accuses the Government of removing the fax from this patient's file.

Van also asserts that her children are suffering due to the "sudden" absence of both parents and that she should be released from jail so that she can better assist her attorney with her appeal. Therefore, she requests bond.

Rule 35(a) of the Federal Rules of Criminal Procedure provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

It is questionable whether this Court has jurisdiction to alter Van's sentence due to her appeal. *See United States v. Hayes*, 589 F.2d 811, 827 n.8 (5th Cir. 1979); *United States v. Beshirs*, 135 Fed. Appx. 685, 686 (5th Cir. 2005). However, this Court will address the claims made by Counsel for Van in the Motion. First, Van's sentence was based on her conduct as a whole as well as the conduct of her husband and business partner. It certainly was not based solely on her treatment of the patient KE. As the Court explained at the sentencing hearing, this was a joint enterprise that caused harm to numerous individuals. Van and her husband contributed to the known addictions of their patients under the guise of a legitimate medical clinic. Van shared the massive profits that resulted from the joint enterprise with her husband, and she has admitted that she saw what was happening at the clinic and participated in the clinic's practices but failed to stop it. Even if this Court had erred in reviewing KE's file, the Court still does not believe that Van would be entitled to a sentence of probation. In fact, it is the opinion of the Court that a lengthier sentence would have been warranted, but this Court was not permitted to sentence Van to a term exceeding one year.

Furthermore, this Court did not err in reviewing the file of KE, and the prosecutor did not remove a fax from the methadone clinic from the file. The Court was aware that KE was no longer attending the methadone clinic at the time of the office visit, and this is apparent from the transcript of the sentencing hearing. The Court did not believe that a statement that the patient was no longer participating in the methadone clinic was sufficient to constitute a "release" or to otherwise warrant prescribing more lortab, particularly since the patient's own statements indicated that she had prematurely quit the methadone program. The Court found that Van's conduct in prescribing more lortab, regardless of the dosage, to a patient who had a known

addiction to lortab and in combination with two other extremely addictive drugs was reckless and irresponsible.

Finally, although the Court is sympathetic to the plight of Van's children, it should be noted that many families, including Van's own family, were harmed by the admitted conduct of Van and her husband. In addition, it should be noted that Van pled guilty on June 26, 2009, but was not sentenced until April 1, 2010. Thus, she was given almost ten months to prepare for the sentencing hearing, to prepare her children for the possibility of separation, and to get all of her other affairs in order. Finally, the presentence investigation report and sentencing recommendation made by Probation should have put Van on notice that incarceration was a strong possibility.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Correct and/or Reduce Sentence of Defendant and Motion to Reconsider Incarceration Pending Designation of Federal Institution and Appeal [24] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of April, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE